Plaintiffs-appellants, Peter and Margaret Mazorra, appeal a jury verdict based on the alleged misconduct and bias of a juror, the trial court's response to a jury question during deliberation and a manifest weight of the evidence argument. Defendants-appellees are H. Meyer Dairy Company, Terry R. Boerger and Allstate Insurance Company. We reverse.
This case concerns an automobile accident caused by the negligence of Boerger, an employee of H. Meyer Dairy Company, which caused injuries to Peter Mazorra. Allstate Insurance Company was included as a defendant pursuant to an uninsured/underinsured motorist policy of the Mazorras. The parties stipulated liability and proceeded to trial on the sole issue of damages. During voir dire, one of the eventual jurors, Chip Jones, remained silent about his relationship with appellants' son, David Mazorra-Black, who testified during the second day of the trial. Specifically, the trial court asked the potential jury panel if they knew any of the interested parties. In addition, trial counsel for appellants told the potential jurors that David Mazorra-Black and other witnesses would be testifying. Trial counsel for appellants stated that "I don't know whether any of your kids know or you've run into any of those folks in Lebanon." Based on the transcript, Chip Jones did not respond to either query.
After a four-day jury trial, appellants were awarded $3,979.29 in damages, including $2,379.29 for Peter Mazorra's medical bills and $1,600 for his "to date" pain and suffering. The jury did not award any damages for future pain and suffering, "[l]oss of enjoyment of life," lost wages or the derivative consortium claim of Margaret Mazorra.
In his affidavit, David-Mazorra Black stated that when he testified on the second day of trial, he noticed that Chip Jones, a personal acquaintance, was a member of the jury. According to his affidavit, Black "did not have an opportunity" to discuss this issue with appellants until after the trial. According to the affidavit of Margaret Mazorra, Black told her that Chip Jones disliked the Mazorras because Jones perceived them as wealthy.
Appellants subsequently filed a motion for new trial pursuant to Civ.R. 59. Appellees filed a memorandum in opposition to the motion and a motion to strike affidavits. The trial court struck the affidavits of Daniel F. Jones, II and Sean Burchwell, nonjurors acquainted with Chip Jones, as "improper evidence aliunde," concluding the affidavits were inadmissible hearsay. In addition, the trial court struck the affidavits of jurors Edwin Johnson and Deborah Amburgy pursuant to Evid.R. 606(B). Appellants filed a motion for reconsideration which was overruled by the trial court. Appellants filed a timely notice of appeal and present four assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS-APPELLANTS BY ORDERING STRICKEN THE AFFIDAVITS OF NON-JURORS PERTAINING TO FIRST HAND KNOWLEDGE OF A JUROR'S INCOMPETENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN NOT GRANTING PLAINTIFFS-APPELLANTS MOTION FOR A NEW TRIAL UNDER OHIO CIVIL RULE OF PROCEDURE 59(A) BECAUSE OF JUROR IRREGULARITY AND MISCONDUCT WHICH PREVENTED PLAINTIFFS FROM RECEIVING THEIR CONSTITUTIONALLY PROTECTED RIGHT TO A FAIR TRIAL.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS-APPELLANTS BY ITS REFUSAL TO ANSWER A JURY QUESTION OR TO MODIFY ITS INSTRUCTION TO THE JURY.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN NOT ORDERING A NEW TRIAL WHEN THE EVIDENCE IS UNDISPUTED THAT PLAINTIFF-APPELLANT HAS PERMANENT IMPAIRMENT AND THE JURY'S AWARD FOR FUTURE PAIN AND SUFFERING IS ZERO.
In the first assignment of error, appellants assert that the trial court erred by striking the affidavits of Daniel F. Jones, II and Sean Burchwell. Daniel F. Jones, II is Chip Jones' nephew and a "personal acquaintance" of the Mazorras. He has been a guest in the home of Chip Jones on numerous occasions. Sean Burchwell is a "personal acquaintance" of the Mazorras and Chip Jones. Daniel F. Jones' affidavit stated "[t]hat Chip Jones had a personal dislike of David Mazorra." In addition, the affidavit contains a series of hearsay statements allegedly made by Chip Jones to the affiant. Chip Jones allegedly stated that he (1) "was prejudiced against the Mazorras as he felt they were rich and did not need any more money," (2) "took full advantage of [the] opportunity" to hurt the Mazorras," and (3) "______ the Mazorras." The affidavit of Sean Burchwell is substantially similar.
Evid.R. 606(B), inquiry into validity of verdict or indictment, provides in relevant part that:
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented.
Evid.R. 606(B) codifies Ohio's aliunde rule. Michelson v.Kravitz (1995), 103 Ohio App.3d 301, 305, citing State v. Adams
(1943), 141 Ohio St. 423. "The aliunde rule requires the introduction of evidence from a competent source other than a juror to impeach a jury verdict." Evid.R. 606(B), Staff Note. The evidence aliunde "must come from a source possessing firsthand knowledge and cannot be acquired by the court through affidavits of the jurors themselves." State v. Lewis (1990),70 Ohio App.3d 624, 641.
In our view, the admissible portion of the affidavits of Burchwell and Daniel F. Jones, II contain sufficient evidencealiunde. The affidavits include a series of inadmissible hearsay statements by Chip Jones. See Sedgwick v. KawasakiCycleworks, Inc. (1991), 71 Ohio App.3d 117, 136. Specifically, paragraphs seven through eleven in the affidavit of Daniel F. Jones, II and paragraphs seven through ten in the affidavit of Sean Burchwell constitute hearsay. These statements are not admissible because a juror cannot "impeach his or her verdict directly by affidavit," and therefore appellants "cannot indirectly attempt to impeach the verdict by affidavit as to what one juror said to a third party." Id.
However, the affidavits of Daniel F. Jones, II and Burchwell do include admissible statements relevant to bias. First, the fact that Chip Jones was acquainted with David Mazorra-Black and "[t]hat Chip Jones had a personal dislike for David Mazorra." These portions of the affidavits warrant an evidentiary hearing to conclude if Chip Jones' relationship with David Mazorra-Black and the alleged bias of Chip Jones toward the Mazorra family infected the jury deliberation by Chip Jones providing "extraneous prejudicial information" about the Mazorras to the remaining jurors. Since portions of the affidavits of Burchwell and Daniel F. Jones, II are admissible and constitute evidence aliunde, the trial court erred by striking the juror affidavits of Edwin Johnson and Deborah Amburgy pursuant to Evid.R. 606(B). Accordingly, the first assignment of error is well-taken.
In the second assignment of error, appellants argue that juror misconduct denied them the constitutional right to a fair trial. Specifically, appellants reference Chip Jones' failure to respond to questions about his relationship with the Mazorras during voir dire. Appellants cite the decision inState v. Rudge (1993), 89 Ohio App.3d 429, for the proposition that untruthful answers by a juror in voir dire are not covered by Evid.R. 606(B). Therefore, appellants insist that the evidence showing Chip Jones was untruthful during voir dire is admissible and justifies the granting of a new trial. Although the issues are related, we agree with appellants that a juror being untruthful, even by omission, during voir dire is a separate issue from the jury deliberation. A juror prejudging his vote on damages of a trial raises an obvious question about fundamental fairness and due process. However, this court is not in the position to act as a trier of fact to resolve the question of whether Chip Jones was untruthful, either in his statements or by his omission of statements during voir dire, and based his decision on factors other than the evidence presented at trial. If Chip Jones was untruthful about his relationship with David Mazorra-Black and his bias prejudiced the outcome, the motion for new trial must be granted. Nevertheless, the trial court must evaluate these issues at an evidentiary hearing. Accordingly, the second assignment of error is well-taken.
Based on the first and second assignments of error, this case is remanded for an evidentiary hearing to address (1) whether Chip Jones brought "extraneous prejudicial information" to the jury deliberation, corrupting the validity of the verdict and (2) whether Chip Jones failed to fully respond to questions during voir dire about his relationship with David Mazorra-Black and if his bias prejudiced his consideration of the evidence presented at trial. If either of the questions is answered in the affirmative, the motion for a new trial must be granted by the trial court.
Since we are remanding this case for an evidentiary hearing in order to fully resolve the issues raised by appellants' first and second assignments of error, the third and fourth assignments of error are now prematurely before this court and are overruled as moot.
Judgment reversed and remanded for proceedings not inconsistent with this opinion.
KOEHLER and WALSH, JJ., concur.